**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas D Yokois, | No. CV-23-00619-PHX-GMS (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Defendants. | |

Pending before the Court is "Plaintiff's Motion to Compel Metadata Pursuant to F.R. Civ. P. 37(a)(3)(B)(iv) and LRCiv. 37.1" ("Motion to Compel"). (Doc.  164.) Defendant Thornell responded (doc. 168), and Plaintiff replied (doc. 169). On May 12, 2025, the Court held a hearing on the motion. For the reasons stated below, the motion is denied.

## I.    Background.

Plaintiff alleges that on September 29, 2021, his "diagnosis of 'Dependence on wheelchair' was discontinued by an anonymous individual writing, 'no documentation confirming any claims patient reported available and his ability to perform squa[t]s by holding on a table doesn't support his claim of not being able to walk (see CC visit notes from 2015).'" (Doc. 83 at 33-34.)[1]

On June 13, 2024, Plaintiff propounded the Seventh and Eighth Requests for

---

[1] These allegations come from Plaintiff's Third Amended Complaint. This Court's Report and Recommendation regarding the Third Amended Complaint is pending before the presiding U.S. District Judge. (Doc. 101.)

Production of Documents to Defendant Thornell ("RFP 7" and "RFP 8"), which sought the following:

> 7. Any document that positively identifies the author of the diagnosis comment dated 9/29/2021.
>
> 8. Metadata for eOmis entries from 4/1/2021 - 9/30/2022 for Plaintiff.

(Doc. 125-1 at 5.)[2]

Defendant Thornell objected to RFP 7 on the grounds that it was "unduly burdensome, ambiguous and vague[,]" and asserting that "[a]ny medical provider's diagnosis request should be directed to the medical provider." (Doc. 164-1 at 3.) Thornell also objected to RFP 8 on the grounds it was overbroad and unduly burdensome. (*Id.*) Thornell explained he had no access to the metadata and directed Plaintiff to obtain the records from third-party Marquis Software Development, Inc., who had developed the software. (Doc. 164-1 at 3-4.) Plaintiff mailed a subpoena to the CEO of Marquis Software, but it was returned unclaimed. (Doc. 164 at 2.) On November 19, 2024, Plaintiff propounded requests for inspection and production. (Doc. 164-4.) Plaintiff requested the following,

> 23. [C]omplete, unaltered Marquis eOMIS ESI including the Electronic Medical Record (EMR) for all access events related to the Plaintiff's initial care for the relevant time period.
>
> 24. [A] complete, unaltered Marquis eOMIS ESI including EMR System Audit Trail for the relevant time period as an excel file in chronological, searchable, and sortable format. The audit trail should reflect all actions in the medical record.

(*Id.* at 5-6.)

After a December 16, 2024, telephonic conference, the Court ordered as follows:

> IT IS [ ]ORDERED that, with respect to RFP 7, Defendant will investigate and disclose any metadata for the September 29, 2021, comment by January 31, 2025.
>
> IT IS FURTHER ORDERED that the remainder of RFP 8 is

---

[2] "eOmis" is the electronic health records system utilized by the Arizona Department of Corrections, Rehabilitation, and Reentry ("ADCRR").

denied without prejudice. Counsel for the parties must meet and confer on or before January 31, 2025, to reach consensus on the scope of the requested metadata entries considering proportionality, cost, availability, and privacy issues. The parties will address Plaintiff's outstanding First Request for Inspection (doc. 127) at this conference. Should the parties disagree on the scope of the inspection, or should Defendant object to the inspection, Plaintiff may file a motion for a ruling after the conference. In the interim, Defendant is excused from responding to Plaintiff's First Request for Inspection pending the outcome of the conference.

(Doc. 137 at 2.)

On January 27, 2025, Plaintiff sought a two-week extension to comply with the Order, noting that counsel for Defendant Thornell, Mr. Lammers, "averred that he has the ESI from the unattributed note dated September 29, 2021, and will be sending that to Plaintiff and his experts at the end of next week." (Doc. 141.) The Court granted the motion. (Doc. 143.) Plaintiff filed a second unopposed request for an extension of time on February 12, 2025. (Doc. 152.) Plaintiff stated there had been a delay in accessing the information Defendant Thornell provided, and that Plaintiff's experts identified "several anomalies in the data." (*Id*.) On March 27, 2025, Plaintiff filed the motion to compel. Plaintiff seeks "the audit trails for [his] medical records from July 30, 2018 through October 1, 2022." (Doc. 164 at 7.)

## II.    The Parties' Arguments.

Counsel for Plaintiff states that after Mr. Lammers disclosed ESI data for the September 29, 2021, medical record, her experts identified several issues, including that the information lacked a time stamp, there was some indication that Defendant had "touched" the file before disclosure, that the number of added data entries did not match the transaction log, and the number of "updated data" entries did not match the transaction log. (Doc. 164 at 4.) Plaintiff states Defendant Thornell's response is "insufficient for the purposes of determining whether [Plaintiff's] medical records had been altered." (*Id*. at 6.)

Defendant argues Plaintiff's motion does not comply with Rule 37.1, Rules of Practice and Procedure of the United States District Court for the District of Arizona

("Local Rules" or "LRCiv"), that Plaintiff failed to consult in good faith pursuant to Rule 37(a)(1), Federal Rules of Civil Procedure prior to filing the Motion to Compel, and that Plaintiff's requests are overbroad and disproportional to the needs of the case. (Doc. 168.)

**III.    Discussion.**

District courts have broad discretion to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). A motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); LRCiv 7.2(j); *see also Lathan v. Ducart*, No. 16-15633, 2017 WL 4457198, at *1 (9th Cir. Oct. 4, 2017) ("The district court did not abuse its discretion by denying [plaintiff's] motion to compel discovery because [plaintiff] failed to meet and confer with defendants.") (citation omitted). Furthermore, Rule 37.1 of the Local Rules of Civil Procedure provides that a motion to compel discovery:

> shall set forth, separately from a memorandum of law, the following in separate, distinct, numbered paragraphs:
>
> (1) the question propounded, the interrogatory submitted, the designation requested or the inspection requested;
>
> (2) the answer, designation or response received; and
>
> (3) the reason(s) why said answer, designation or response is deficient.

LRCiv 37.1(a).

While Plaintiff did not provide a separate statement in numbered paragraphs indicating the exact discovery propounded, the response received, and argument, the Court has all the relevant information and, in its discretion, will address the substantive issue.

After the December l6, 2024, conference, the Court ordered Defendant Thornell to produce metadata to reveal the individual who entered the September 29, 2021, notation in Plaintiff's medical record regarding his wheelchair. Defendant produced three days of metadata, exceeding what was ordered by the Court at that time. Importantly, this information came from Marquis Software, not from Defendant Thornell.

Plaintiff continues to request four years of metadata, arguing this is necessary because the medical records are not reliable. Plaintiff's suspicions notwithstanding, nothing from the metadata so far disclosed indicates fraud or would justify the type of wide-ranging inquiry Plaintiff seeks.

At the hearing, Plaintiff's counsel explained it is now known that NP Weigel entered the record on September 29, 2021. While the metadata from September 29th does not show what information Weigel reviewed before discontinuing Plaintiff's use of the wheelchair (it only shows what she ordered) the Court finds that Plaintiff's recourse— considering the proportionality of his ESI request to the needs of this case, the burden of producing that information, and the expense—is to depose Weigel and inquire as to what informed her decision to discontinue the wheelchair at that time. Despite Plaintiff's allegations his records are unreliable, no party can reasonably question that Marquis Software, the third-party custodian of these records, has no discernable, plausible motive to alter them. Further, the Court is unconvinced Plaintiff's medical records are unreliable because his expert believes there are questions about whether the metadata provided so far is comprehensive. As the Court made clear at the December conference and the ensuing order, proportionality to the needs of this case would be a consideration, and Plaintiff does not show that metadata for four years of records is proportional to the needs of this case.[3] The basis of Plaintiff's claims is the medical record, and the actual medical records have been disclosed; the notion that a healthcare provider, or some other actor, covertly altered Plaintiff's medical records throughout the relevant period is insufficiently supported by the information before the Court. The Court finds the discovery is overbroad and unnecessary.

Nevertheless, the Court declines to award Defendant Thornell his request for attorney fees incurred in responding to the motion. (Doc. 168 at 10.) The Court previously authorized the filing of the motion if no consensus could be reached. (Doc. 137 at 2.) Although the Court disagrees with Plaintiff's need for the discovery, which

---

[3] Plaintiff does not even address the issue until the Reply. (Doc. 169 at 10-11.)

Plaintiff supported by statements from her experts, the Court finds Plaintiff's motion reasonable enough under the circumstances to find substantial justification for filing it. *See* Fed. R. Civ. P. 37(a)(5)(B) (the Court must not order payment of expenses if the motion was substantially justified or other circumstances make the award unjust); *Byzantine Cath. Eparchy of Phoenix v. Burri L. PA*, No. CV-20-00779-PHX-ROS, 2022 WL 3597106, at *1 (D. Ariz. June 17, 2022) ("The substantial justification standard is satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.") (cleaned up). Because the Court previously suggested Plaintiff may file the motion if no consensus was reached, the circumstances also make an award of fees unjust.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery (doc. 164) is **DENIED**.

**IT IS FURTHER ORDERED** Defendant's request for fees (doc. 168 at 10) is **DENIED**.

Dated this 14th day of May, 2025.

_____
Honorable John Z. Boyle
United States Magistrate Judge